DERMODY, Respondent, v. STEAMBOAT MARIA DENNING, Ap-
pellant.

GRANT, Respondent, v. STEAMBOAT MARIA DENNING, Appel-
lant.

1. A justice of the peace rendered a judgment by default against a defendant,
   and allowed an appeal although the defendant made no motion to set the
   default aside, and the justice filed a transcript of his proceedings before
   the proper appellate tribunal.   Afterwards, and within the time allowed
   by law, the defendant moved the justice to set aside the judgment by
   default; this motion the justice refused to entertain, as also a further ap-
   plication for an appeal.   *Held*, that the defendant was entitled under these
   circumstances to have the cause tried upon the merits in the appellate court.

*Appeal from St. Louis Law Commissioner's Court.*

These were suits before a justice of the peace to recover
wages alleged to be due plaintiffs for work done on the defen-
dant.   The defendant not appearing, judgments by default
were rendered against the defendant on the 19th of Septem-
ber, 1857.   On the same day, without first making motions
to set aside the judgments by default, appeals were prayed
and granted and affidavits and bonds were filed.   The tran-
script and papers were filed in the St. Louis law commission-
er's court.   Afterwards, on the 25th of September, the defen-
dant moved the justice to set aside the judgments by default.
The justice refused to entertain these motions or to make
any entry of them in his docket.   On the 28th day of Sep-
tember, 1857, defendant again appeared before said justice
and tendered him affidavits for appeals with appeal bonds
and prayed the justice to allow appeals.   The cause was
docketed in the law commissioner's court.   A motion was

made in each cause in the following form: " The defendant therefore prays this court that a rule may be granted requiring the said justice to amend his return of said cause to this court, and that, should he fail to obey said rule, he may be compelled thereto by attachment." The law commissioner's court overruled these motions, and dismissed the appeal.

*Decker*, for appellant.

I. The court erred in refusing the rule and attachment upon the justice. (R. C. 1855, p. ——, ch. 90, art. 9, § 14.) The appeal first taken was illegal and void. The first appeal, or rather the first attempt at an appeal, being nugatory, the party aggrieved stood precisely as if no such effort had been made. He had a right to come in at any time within ten days after said judgment by default and move to set the same aside, and within ten days after such motion file his bond and take his appeal.

*Kellam*, for respondents.

I. The jurisdiction of the justice ceases after the filing of the transcript and papers in the appellate court. The appellate court is then possessed of the cause.

NAPTON, Judge, delivered the opinion of the court.

These cases are precisely alike. We do not perceive any good reason for the refusal of the law commissioner to hear and determine them upon their merits. If the first appeal was valid, the cases ought to have been heard; if that appeal was regarded as a nullity because taken before a motion to set aside the judgments by default had been made, then the justice should have heard the subsequent motions to set aside the defaults, which were made in time and followed by applications for appeal; and as the justice refused each of these applications, the law commissioner should have made such orders as would have enabled the appellants to obtain trials of their cases upon the merits.

The judgment is reversed and the cause remanded; the other judges concur.